**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X   Case No. 17-cv-02689

HALLIE NEILL, on behalf of herself individually
and all others similarly situated,

                              Plaintiff,

                                        **CLASS ACTION**
     -against-                                 **COMPLAINT**

CREDIT CORP SOLUTIONS, INC. DBA
TASMAN CREDIT,

                              Defendant.
------------------------------------------------------------------------X

       Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

       1.    This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff is a natural person who resides in this District.

5. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

6. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes on a credit account originally owned by Synchrony Bank.

7. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

8. The principal purpose of defendant's business is the collection of defaulted consumer debts.

9. Defendant uses the mails in its business the principal purpose of which is the collection of defaulted consumer debts.

10. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11. Upon information and belief, defendant has a principal place of business in the State of Utah.

## FACTUAL ALLEGATIONS

12. Plaintiff re-alleges paragraphs 1 to 11 as if fully re-stated herein.

13. Defendant sent to plaintiff a collection letter dated September 27, 2016 (the "September Letter").

14. Defendant sent the September Letter in an attempt to collect a debt.

15. The debt was originally owed to Synchrony Bank.

16. Defendant is the addressor of the September Letter.

17. In the heading of the September Letter defendant stated that the current creditor of the debt was "Credit Corp Solutions Inc".

18. Defendant further stated in the body of the September Letter, in pertinent part:

> "Notice is hereby given that on 09/22/16 all rights, title and interest in the above listed debt have been assigned to CREDIT CORP SOLUTIONS INC DBA TASMAN CREDIT. This Notice refers to the amount due and claimed herein, or any further amount which may become due by you on the above account."

19. Defendant further stated in the September Letter that plaintiff should send all payments to "CREDIT CORP SOLUTIONS INC DBA TASMAN CREDIT".

20. The September Letter was defendant's first communication with plaintiff in connection with the collection of the debt.

21. Defendant sent no other letter to plaintiff within five days following the date on which defendant sent the September Letter.

22. Thereafter, defendant sent to plaintiff another collection letter.

23. Said collection letter is dated February 14, 2017 (the "February Letter").

24. By the February Letter defendant was attempting to collect the said debt originally owed to Synchrony Bank.

25. Defendant is the addressor of the February Letter.

26. In the heading of the February Letter defendant again stated that the current creditor was "Credit Corp Solutions Inc".

27. In the body of the February Letter defendant stated, in pertinent part:

"On 09/22/16 Credit Corp Solutions Inc assigned all its beneficial rights, title and interest in the above listed debt to CREDIT CORP SOLUTIONS INC DBA TASMAN CREDIT."

28. Defendant further informed plaintiff in the February Letter that "CREDIT CORP SOLUTIONS INC DBA TASMAN CREDIT" was prepared to negotiate a suitable payment arrangement with plaintiff.

29. Defendant also informed plaintiff to return a "Direct Debit Request form" to "CREDIT CORP SOLUTIONS INC DBA TASMAN CREDIT" in order to set up a Direct Debit payment arrangement.

30. Defendant also stated in the February Letter that plaintiff should send all payments to "CREDIT CORP SOLUTIONS INC DBA TASMAN CREDIT".

31. In the February Letter, defendant further stated, in pertinent part:

"This arrangement offer represents a genuine opportunity to address this outstanding debt and any interest that may be accruing on your account, in a manageable way."

32. Upon receipt of defendant's collection letters, plaintiff did not know the identity of the creditor of her debt.

33. Upon receipt of defendant's collection letters, plaintiff did not know whether interest was being added to the debt balance or would be added in the future.

34. Defendant's letters confused plaintiff as to the creditor of the debt and as to whether interest was accruing on her account or would accrue in the future.

## AS AND FOR A FIRST CAUSE OF ACTION

<u>Defendant's failure clearly to identify the creditor of the debt</u>

15 U.S.C. §§ 1692g(a)(2) and 1692e

35. Plaintiff re-alleges paragraphs 1 to 34 as if fully re-stated herein.

36. In the heading of the September Letter, defendant stated that the current creditor was "Credit Corp Solutions Inc".

37. However, defendant stated in the body of the September Letter that:

"Notice is hereby given that on 09/22/16 all rights, title and interest in the above listed debt have been assigned to CREDIT CORP SOLUTIONS INC DBA TASMAN CREDIT."

38. In the September Letter, defendant also directed plaintiff to send all payments to "CREDIT CORP SOLUTIONS INC DBA TASMAN CREDIT".

39. In the February Letter, defendant also stated in the heading of the letter that the current creditor was "Credit Corp Solutions Inc".

40. However, in the body of the February Letter, defendant stated that:

"On 09/22/16 Credit Corp Solutions Inc assigned all its beneficial rights, title and interest in the above listed debt to CREDIT CORP SOLUTIONS INC DBA TASMAN CREDIT."

41. Further, in the February Letter, defendant stated that "CREDIT CORP SOLUTIONS INC DBA TASMAN CREDIT" was prepared to negotiate a suitable payment arrangement with plaintiff, that plaintiff should return a Direct Debit Request form to "CREDIT CORP SOLUTIONS INC DBA TASMAN CREDIT", and that all payments should be sent to "CREDIT CORP SOLUTIONS INC DBA TASMAN CREDIT".

42. In both letters defendant stated that the current creditor of the debt was Credit Corp Solutions, Inc., while in the same letters defendant stated that all rights, title and interest in the debt had been assigned to Credit Corp Solutions, Inc. dba Tasman Credit.

43. If, as defendant stated in both letters, all rights in the debt had been assigned to Credit Corp Solutions, Inc. dba Tasman Credit, then the current creditor of the debt could not in fact have been Credit Corp Solutions, Inc.

44. In addition, defendant's statements in the February Letter that defendant was prepared to negotiate a payment arrangement, that plaintiff should return the Direct Debit Request form to defendant, and in both letters, that plaintiff should send all payments to defendant, all would lead plaintiff and the least sophisticated consumer to believe that the creditor of the debt was defendant, Credit Corp Solutions, Inc. dba Tasman Credit.

45. If, further, before the date of the September Letter, Credit Corp Solutions, Inc. assigned all of its rights, title and interest in the debt to Credit Corp Solutions, Inc. dba Tasman Credit, as defendant stated in the February Letter, then Credit Corp Solutions, Inc. would not have been the creditor of the debt on the date of either collection letter.

46. Defendant gave contradictory information as to the creditor of the debt in its collection letters.

47. In its letters, defendant stated that the creditor was Credit Corp Solutions, Inc.

48. However, in its letters defendant also stated that Credit Corp Solutions, Inc. had assigned all rights, title and interest in the debt to Credit Corp Solutions, Inc. dba Tasman Credit.

49. In the September Letter, defendant stated that all rights, title and interest in the debt had been assigned to Credit Corp Solutions, Inc. dba Tasman Credit.

50. In the February Letter, defendant stated that Credit Corp Solutions, Inc. had assigned all its rights, title and interest in the debt to Credit Corp Solutions, Inc. dba Tasman Credit.

51. This statement would reasonably be interpreted to mean that Credit Corp Solutions, Inc. is a different entity from Credit Corp Solutions, Inc. dba Tasman Credit.

52. Upon reading defendant's letters, plaintiff did not know the identity of the creditor of her debt.

53. Upon reading defendant's letters, neither plaintiff nor the least sophisticated consumer would know the identity of the creditor of her debt.

54. Upon reading defendant's letters, neither plaintiff nor the least sophisticated consumer would know whether the creditor of the debt was Credit Corp Solutions, Inc. or Credit Corp Solutions, Inc. dba Tasman Credit.

55. The FDCPA, § 1692g(a)(2), requires defendant to inform the consumer clearly and effectively of the identity of the creditor of her debt.

56. Defendant violated the FDCPA, § 1692g(a)(2) by failing clearly to identify the creditor of plaintiff's debt.

57. Defendant further violated the FDCPA, § 1692e, in that its failure clearly to identify the creditor of the debt is a false, deceptive and misleading representation or means used by defendant in its attempt to collect the debt.

## AS AND FOR A SECOND CAUSE OF ACTION

<u>Improper representations regarding account balance and interest</u>

15 U.S.C. §§ 1692e and 1692e(2)(A)

58. Plaintiff re-alleges paragraphs 1 to 57 as if fully re-stated herein.

59. Defendant stated in the September Letter that:

"This Notice refers to the amount due and claimed herein, *or any further amount which may become due by you on the above account*."

Emphasis added.

60. Further, defendant stated in the February Letter that:

"This arrangement offer represents a genuine opportunity to address this outstanding debt *and any interest that may be accruing on your account*, in a manageable way."

Emphasis added.

61. Defendant's above-quoted statements in its letters are deceptive and misleading.

62. Defendant's said statements leave plaintiff uncertain as to whether the account balance would increase over time.

63. Defendant's said statements leave plaintiff uncertain as to whether the account balance was accruing interest.

64. Defendant's said statements would leave the least sophisticated consumer uncertain as to whether the account balance would increase over time.

65. Defendant's said statements would leave the least sophisticated consumer uncertain as to whether the account balance was accruing interest.

66. If the account balance would remain static, then defendant's above-quoted statement in its September Letter could reasonably be read to give the inaccurate impression that the account balance would increase.

67. Further, if the account balance would remain static, then defendant's above-quoted statement in its February Letter could reasonably be read to give the inaccurate impression that interest was accruing on the account.

68. If, on the other hand, the account balance was increasing due to interest or other charges, then defendant failed to reflect that increase in the stated balance of the debt which did not change in the almost five-month period between the two letters.

69. Defendant failed to state clearly in its letters whether interest or other charges were accruing on the account.

70. Defendant failed to state clearly in its letters whether the account balance would increase over time.

71. Defendant's failure to state clearly whether interest or other charges was accruing on the account is a false, deceptive and misleading representation used by defendant in its attempt to collect the debt and a false representation of the amount and character of the debt, and constitutes a violation of the FDCPA, §§ 1692e and 1692e(2)(A) .

72. Further, defendant's failure to state clearly whether the account balance would increase over time is a false, deceptive and misleading representation used by defendant in its attempt to collect the debt and a false representation of the amount and character of the debt, and constitutes a violation of the FDCPA, §§ 1692e and 1692e(2)(A).

## CLASS ALLEGATIONS

73. Plaintiff re-alleges paragraphs 1 to 72 as if fully re-stated herein.

74. This action is brought on behalf of plaintiff and the members of a class. The class consists of all natural persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the September Letter; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undeliverable; and (d) the collection letter states, in sum or substance*:*

> "Current Creditor:  Credit Corp Solutions Inc
> . . .
> Notice is hereby given that on [date] all rights, title and interest in the above listed debt have been assigned to CREDIT CORP SOLUTIONS INC DBA TASMAN CREDIT."

75. The class does not include defendant or persons who are officers, directors, or employees of defendant.

76. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class, and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA including but not limited to §§ 1692g(a)(2) and 1692e by inserting the above-quoted statements in its collection letters.

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

77. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

78. If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

79. Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

80. As a result of the above violations, defendant is liable to plaintiff and the members of the class for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c) awarding maximum individual statutory damages pursuant to 15 U.S.C. § 1692k;

(d) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial.

(e) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k; and

(f) for such other and further relief as may be just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
April 13, 2017.

*/s/ Novlette R. Kidd*
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com